820 F.2d 1220
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence D. McNEIL, Plaintiff-Appellant,
v.
T.C. DUNN, Raleigh Police Officer; Unknown Raleigh Police
Officer, Defendants- Appellees.
 No. 86-7369.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 26, 1987.
Decided June 4, 1987.
 
 Before HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 Clarence D. McNeil, appellant pro se.
 Tyrus Vance Dahl, Jr., Womble, Carlyle, Sandridge & Rice; Dawn S. Bryant, for appellees.
 PER CURIAM:
 
 
 1
 Clarence D. McNeil appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. McNeil alleged that Officers Dunn and Lynch used excessive force in attempting to immobilize his fleeing vehicle. The officers concede that they shot holes in the car's tires, but insist that such force was necessary to stop the car which was occupied by plaintiff and his identical twin, Cephus McNeil, both dangerous criminals. Cephus McNeil was wanted pursuant to a federal warrant in connection with drug activities. The district court found that the officers used no more force than necessary to effect a valid arrest. We affirm the district court's grant of summary judgment in favor of the officers.
 
 
 2
 McNeil contends on appeal that summary judgment was improper because the issue of whether his brother was present in the car was a disputed fact. Indeed, the plaintiff and his companion were able to jump from the car and flee from the scene before police were able to check their identification. Nevertheless, we find no merit to McNeil's contention. While McNeil's complaint is carefully bereft of any reference to a second person in the car, McNeil submitted affidavits of two eyewitnesses who plainly state that there was another person with him. The police do not have to prove the identity of this second person to be entitled to summary judgment. We find that, in order to prevail on a summary judgment motion, the officers needed only show that they held a reasonable belief that plaintiff's brother, Cephus McNeil, was in the car.
 
 
 3
 Officer Dunn submitted an affidavit stating that he knew plaintiff personally and recognized both of the identical twin brothers in the car as he conversed with them, first to do a license check and then to do a registration check. Moreover, once his backup arrived, Dunn called across the parking lot to Officer Lynch that the car contained both of the McNeil brothers. The plaintiff does not raise any issue that puts in doubt whether the officers reasonably believed that Cephus was in the car. We hold that the district court was justified in holding that the police held a genuine belief that plaintiff's brother was in the car; thus, their attempt to arrest him and their use of force to stop the fleeing car was warranted. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and affirm the district court's judgment.
 
 
 4
 AFFIRMED.